IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

C/A#_____

| | |
|---|---|
| JOYCE LIPPMAN, ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Joyce Lippman, complaining of the Defendant herein, alleges:

1. That the Plaintiff Joyce Lippman, is a citizen and resident of Horry County, State of South Carolina.

2. That this is an action arising under the Federal Tort Claims Act, 28 USCA §2671 et. seq. This court is vested with jurisdiction pursuant to §1346(b), Title 28 of the United States Code.

3. On or about January 9, 2018, the Plaintiff was seen and treated by Jeanne A. Halyard, a physician employed by Health Care Partners of South Carolina, Inc., a federally qualified health center and as such, the Defendant is the United States Government.

4. On that date, she was evaluated for a suspicious growth below her left nares and diagnosed with actinic keratoses. She was treated with cryotherapy, but no biopsy was done at that time. She was seen on March 21, 2018 and it was noted that the lesion below her left nares had resolved and no further treatment was needed. Thereafter, she was seen by Dr. Halyard on

multiple occasions and complained that the lesion was not healing and was told on multiple occasions that it was normal. However, the notes indicate that the lesion had resolved except for the office visit note of January 7, 2019, where it was noted that she had a 4-millimeter sore with surrounding redness. However, under assessment she was diagnosed with cellulitis, but that it was resolved. On November 22, 2019, Dr. Halyard noted that the lesion under the left nostril was increasing in size and referred her to a dermatologist. On February 5, 2020 she was seen by a dermatologist at Grand Strand Dermatology and a biopsy was performed. She was diagnosed with basal cell carcinoma and referred for surgery.

5. As a result of the negligence and deviation from the standard of care, the Plaintiff was seriously and severely injured.

6. On January 25, 2021, the Plaintiff submitted her claim with the US Department of Health and Human Services electronically; that more than six (6) months have elapsed since the submission of the Plaintiff's claim. On January 29, 2021, the Plaintiff submitted an updated claim electronically; that more than six (6) months have elapsed since the submission of the Plaintiff's updated claim. Plaintiff has never received a final notice of denial of her claim by the agency to which it was presented despite due demand for same.

8. The Plaintiff is informed and believes that the Defendants, by and through its agents and/or employees, were negligent, grossly negligent, willful, and wanton in one or more of the following particulars:

    a.    misdiagnosing the lesion as an actinic keratoses on January 9, 2018 and treating her with cryotherapy, without doing a biopsy;

    b.    following the treatment, the patient was seen by the practice on multiple occasions without it being appreciated that the lesion was still present and the significance of same, which resulted in a delay in diagnosis and treatment of the lesion. It was not until a visit on November 22, 2019 that the patient was referred to a dermatologist for evaluation resulting in an

      accurate diagnosis and treatment and as such there was an unreasonable delay in appropriate treatment; and

  c. considering the eventual size of the lesion, it should have been recognized early on as being significant and necessitating a referral to a certified dermatologist and/or a biopsy and proceeded accordingly.

9. That the Affidavit of Douglas Robins, MD, attached hereto, provides the opinion to a reasonable degree of medical certainty that Jeanne A. Halyard, MD and the facility at which she was employed and its officers, agents and/or employees deviated from the standard of care in failing to care for Joyce Lippman such that she was misdiagnosed and failed to receive the appropriate care and treatment for basal cell carcinoma in an acceptable and reasonable time period, which resulted in extensive surgery, radiation and increased morbidity, as well as incurring additional expenses. Furthermore, there remains a small but significant potential for recurrence or even metastatic spread of the tumor.

10. As a direct and proximate result of the negligence of the Defendant, by and through its agents and/or employees the Plaintiff has suffered painful and permanent injuries; has incurred, and will continue to incur, medical expenses; has suffered, and will continue to suffer pain and discomfort; has suffered and will continue to suffer a disruption to her daily routine, both at home and at work; has suffered and will continue to suffer mental distress; and has suffered and will continue to suffer a loss of enjoyment of life.

WHEREFORE, the Plaintiff Joyce Lippman requests judgment against the Defendant, the United States of America in the amount of $1,200,000.00 actual damages and for such other and further relief as this court deems just and proper.

KELAHER, CONNELL & CONNOR, P.C.

*s/Lisa Poe Davis*
Lisa Poe Davis - USDC ID: 5826
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC  29587-4547
(843) 238-5648
ldavis@classactlaw.net
Attorney for Plaintiff

September 30, 2021
Surfside Beach, South Carolina

4